# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 04-2094

_____

Eugene Paul Huckins; Roderick    *
Schnaidt, on behalf of themselves    *
and for other prisoners similarly    *
situated,    *
   *    Appeal from the United States
   *    District Court for the
       Appellants,    *    District of South Dakota.
   *
     v.    *       [UNPUBLISHED]
   *
Doneen Hollingsworth; South    *
Dakota Department of Health;    *
Michael Rost; Healthcare Medical    *
Technology; Doug Weber; Bob    *
Dooley; Jeff Bloomberg; Herbert    *
Saloum; James H. Shaeffer; Sharon    *
Ven Osdel,    *
   *
       Appellees.    *

_____

Submitted: February 14, 2005
Filed: July 7, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and GRUENDER, Circuit
Judges.

_____

PER CURIAM.

Eugene Paul Huckins and Roderick Schnaidt, both paraplegics, were formerly inmates at the South Dakota State Penitentiary in Sioux Falls, South Dakota, and the Mike Durfee State Prison in Springfield, South Dakota. Huckins and Schnaidt sued the South Dakota Department of Health, various prison officials, and various physicians that treated them while incarcerated (collectively "the defendants"), alleging deliberate indifference to their medical needs in violation of the Eighth Amendment to the United States Constitution, violations of their Fourteenth Amendment rights to equal protection under the law, violations of the Americans with Disabilities Act, violations of the Rehabilitation Act of 1973, and negligence. The district court[1] granted the defendants' motion for summary judgment on all of Huckins's and Schnaidt's claims.

When recounting the facts of this case in its order granting the defendants' motion for summary judgment, the district court noted that Huckins and Schnaidt responded to the defendants' statements of material facts by paragraph number as required by District of South Dakota Local Rule 56.1(C) but did not fully comply with that rule by submitting their own concise statement of material facts as to which they contend there exists a genuine issue to be tried. Rather than fully complying with Local Rule 56.1(C), Huckins and Schnaidt provided the district court affidavits in which they detailed their alleged mistreatment by prison authorities and medical staff. District of South Dakota Local Rule 56.1(D) provides that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement to be served by the opposing party." Following its own local rules, the district court recounted the defendants' statements of facts verbatim but noted whenever Huckins and Schnaidt properly disputed a fact and the ground for their dispute.

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

On appeal, Huckins and Schnaidt argue that by failing to accept all of the facts alleged in their affidavits, the district court failed to evaluate the facts in the light most favorable to their claims.

This Court reviews a district court's application of its own local rules for abuse of discretion. *Northwest Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 725 (8th Cir. 2003). Huckins and Schnaidt do not contend that the district court erred in its application of its own local rules, and they do not provide an explanation why their counsel failed to properly present their version of the facts. Thus, we hold the district court did not abuse its discretion in applying its own local rules even though those rules prevented it from considering some facts improperly alleged by Huckins and Schnaidt that might have been relevant to the summary judgment motion. *See Northwest Bank*, 354 F.3d at 724-25 (holding that the district court did not abuse its discretion by applying local rules that excluded some of the material facts offered in opposition to a motion for summary judgment); *Wright v. S. Ark. Reg'l Health Ctr., Inc.*, 800 F.2d 199, 203 n.3 (8th Cir. 1986) (deferring to the district court's decision that a procedural omission under local rules was not fatal but implying that had the court granted summary judgment because of a similar procedural default, this court would have affirmed).

Huckins and Schnaidt also argue that the district court erred in granting the Appellees' motion for summary judgment on each of their claims. This court reviews the district court's granting of a motion for summary judgment de novo. *Barnhart v. UNUM Life Ins. Co. of Am.*, 179 F.3d 583, 587 (8th Cir. 1999). After carefully reviewing the record, we find no mistakes of law or errors of fact. Therefore, for the reasons stated in the district court's thorough and well-reasoned opinion in this matter, we affirm. *See* 8th Cir. R. 47B.

———————————————